UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLYNDON RIVERA,<br>Booking No. 15743971,<br><br>                                Plaintiff,<br><br>       vs.<br><br>BILL GORE, Sheriff, et al.,<br><br>                              Defendants. | Case No.: 3:17-cv-02225-WQH-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES AGAINST IMMUNE DEFENDANT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

     GLYNDON RIVERA ("Plaintiff"), while detained at the San Diego County Sheriff's Department South Bay Detention Facility ("SBDF") and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 1).

     Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed *IFP* remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed, 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed *IFP* to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

In support of his *IFP* Motion, Plaintiff has submitted a Prison Certificate issued by an SBDF Sergeant attesting as to his trust account activity and balances. *See* ECF No. 2 at 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that while Plaintiff carried an average monthly balance of $193.00, he had an average monthly deposit of only $.14 to his account for the six-month period preceding the filing of this action, and an available balance of $.86 on the books at the time he filed suit. ECF No. 2 at 4. Thus, the Court assesses Plaintiff's initial partial filing fee to be $38.60 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay that initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's *IFP* case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed *IFP* (ECF No. 2), declines to exact the assessed initial filing fee because his trust account statement indicates he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander of the SBDF, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding *IFP*, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's *IFP* complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims San Diego County Sheriff Bill Gore, San Diego County Superior Court Judge Dahlquist, John Doe, identified only as a San Diego County "Adoptions Director," and Teresa Gomez, the mother of his son, have violated his First, Eighth, and Fourteenth Amendment rights while he has been held in San Diego Sheriff's Department

4

custody and during ongoing criminal and related parental termination proceedings. (ECF No. 1 at 1–6).[2]

Specifically, Plaintiff claims San Diego County Sheriff's Department deputies, "under the inadequate supervision of Sheriff Bill Gore," violated his right to access to the courts "on or about" July 17, 2015, when he was "denied [his] constitutional right to be present in family court." *Id.* at 3–4. Plaintiff contends the Sheriff permitted "false testimony" that he was a "dangerous convicted felon" to be introduced by a district attorney during a bail review hearing in Vista Superior Court in April 2017, *id.* at 5, and that Judge Dahlquist, "biased" by the "repeated and reckless mistruths in the bail report," imposed "excessive bail" as a result. *Id.* at 2, 5.

Plaintiff further claims that while an unnamed Director of the County's "Adoptions Department" hired two attorneys to represent him during termination proceedings, those attorneys were "ineffective," and "pressured the child . . . under false pretenses." *Id.* at 4. Defendant Gomez, his child's mother, is also alleged to have "deceptively us[ed] the courts to claim [Plaintiff] . . . intend[ed] to abandon [their] child." *Id.* at 2.

Finally, Plaintiff claims to have lost two teeth while in custody due to Sheriff Gore's "poor supervision" and "inadequate policies for dental care," *id.* at 6, and to have been "assaulted" by another inmate "on or around" October or November 2015, based on Gore's "lack of supervision and substandard training of the Vista deputies." (ECF No. 4 at 2).

Plaintiff seeks $15 million in general and punitive damages, as well as injunctive

---

[2] Plaintiff attaches as an exhibit to his Complaint a copy of a "Petition for Freedom From Parental Custody and Control" filed in the North County Division of San Diego Superior Court on June 20, 2017, in Case No. AN16035, by attorneys on behalf of Jose Ines Salazar Martinez and [Defendant] Teresa Gomez. *See* ECF No. 1 at 9-10. The Petition requests a judgment declaring Plaintiff's child free from his custody and control based on his alleged abandonment and his having been convicted of a felony "the facts and of which are of such a nature so as to prove the unfitness of the parent(s) to have the future control and custody of the child." *Id.*

5

relief against Judge Dahlquist from "proceeding" further, the outright "dismissal" of his ongoing criminal proceedings in San Diego Superior Court Case No. SCN347434,[3] and for this Court to "order a father son visitation" under the "familial rights doctrine." ECF No. 1 at 8; ECF No. 4 at 1.

C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

D. Teresa Gomez

First, Plaintiff seeks to hold the mother of his child, Teresa Gomez, whom he identifies as a "housekeeper," liable for "using [the] courts" to seek the termination of his parental rights on the grounds of his abandonment and felony conviction. (ECF No. 1 at 2–4).

---

[3] Courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992); *Holguin v. City of San Diego*, 135 F. Supp. 3d 1151, 1155 (S.D. Cal. 2015). Accordingly, this Court takes judicial notice of Plaintiff's pending criminal charges for multiple violations of Cal. Penal Code § 269 (aggravated sexual assault of a child), Cal. Penal Code § 288(a) (lewd and lascivious behavior on a person under 14), Cal. Penal Code § 289(j) (sexual penetration of a person under 14 and more than 10 years younger), Cal. Penal Code § 311.4(c) (use of minor to perform prohibited acts), Cal. Penal Code § 228(a)(C)(1) (oral copulation on person under 14), Cal. Penal Code § 288.2(a) (distribution of child pornography), and Cal. Penal Code § 236/237(a) (false imprisonment with violence) in Case No. SCN347434. *See* http://www.sandiego.courts.ca.gov/portal/online/calendar/f_vccal5.html; http://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=CEPdOlz%2bxwqatHqkX1kVNvcqW%2f3ntU99oFHSbf%2brj58%3d#!.

However, Plaintiff offers no plausible facts to suggest that Gomez acted "under color of state law" when she filed a petition to terminate Plaintiff's parental rights in San Diego Superior Court. *See West*, 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor.) (citation and quotations omitted).

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct of which the plaintiff complains that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003). Generally, private parties do not act under color of state law. *Price v. Hawai'i*, 939 F.2d 702, 707–08 (9th Cir. 1991). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir.1974) (a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

In order for private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

Here, Plaintiff has failed to allege facts sufficient to plausibly show that the mother of his minor child performed any public function traditionally reserved to the state; acted

as a willful participant in joint action with government agents; or was compelled or coerced by, or had any connection whatsoever with, the state when she filed a petition in Superior Court seeking to terminate Plaintiff's parental rights. Therefore, Plaintiff's Complaint as to Defendant Gomez must be dismissed for failing to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126–27 ; *Wilhelm*, 680 F.3d at 1121.

E. <u>Sheriff Gore</u>

Second, Plaintiff seeks to sue San Diego County Sheriff Bill Gore for "fail[ing] to properly supervise [his] subordinates," and for inadequately training them. (ECF No. 1 at 2–3, 5–6). Plaintiff alleges broadly that Gore's failures as the head of the Sheriff's Department deprived him of his "parental familial rights" and resulted in the prosecution's introduction of "false testimony" during an April 2017 bail review hearing, an assault by a fellow inmate in late 2015, and the loss of two of his teeth. *Id.* at 3, 5–6; ECF No. 4 at 2.

Plaintiff fails to state a claim upon which § 1983 relief can be granted, however, because he sets forth no individualized allegations of wrongdoing by Sheriff Gore, and instead seeks to hold him vicariously liable for the actions of other unnamed Sheriff's Department personnel. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits," § 1983 plaintiffs "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution."); *see also Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode,* 423 U.S. 362, 370 – 71 (1976)).

A plaintiff may only "hold supervisors individually liable in [§] 1983 suits when

culpable action, or inaction, is directly attributed to them." *Starr*, 652 F.3d at 1207. More specifically, a supervisor "causes" a constitutional deprivation if he (1) personally participates in or directs a subordinate's constitutional violation; or (2) the constitutional deprivation can otherwise be "directly attributed" to the supervisor's own culpable action or inaction, even though the supervisor was not "physically present when the [plaintiff's] injury occurred." *Id.* at 1206–07; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted).

Because Plaintiff does not offer any specific "factual content" that might allow the Court to "draw the reasonable inference" that Sheriff Gore personally participated in any unconstitutional conduct directed at Plaintiff, the Court finds his Complaint, as currently pleaded, contains allegations which fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

For this reason, all Plaintiff's purported claims against Sheriff Gore must be dismissed sua sponte for failing to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### F. Judge Dahlquist

Third, Plaintiff's Complaint must be dismissed insofar as he seeks monetary damages from San Diego Superior Court Judge Dalquist, who is alleged to have presided over his bail review hearing, and who is absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief.").

Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227–229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). Judicial

immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356–37 ; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Here, Plaintiff claims Judge Dahlquist violated his Eighth and Fourteenth Amendment rights on April 25, 2017, in Vista Superior Court during a bail review hearing. (ECF No. 1 at 5). Despite Plaintiff's claims that Judge Dahlquist improperly considered "false testimony," *id.*, criminal bail review proceedings are clearly matters over which a trial judge has subject matter jurisdiction, *see Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts).

Therefore, Plaintiff's claims for money damages against Judge Dahlquist must also be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) based on his absolute immunity. *See Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) ("Once a court has sufficient information to make a determination on immunity, [§ 1915(e)(2)(B)(iii)] mandates dismissal.").

G. *Younger* Abstention

Finally, while "judicial immunity is not a bar to prospective injunctive relief," *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), to the extent Plaintiff's suit seeks to challenge the validity of, or seek this Court's intervention in, either his ongoing criminal case in San Diego Superior Court Case No. SCN347434 or the parallel parental termination proceeding instituted on behalf of his child's mother in San Diego Superior Court Case No. AN16035 relief is not available under 42 U.S.C. § 1983.

Federal courts may not interfere with ongoing state criminal, quasi-criminal

enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43–54 (1971); *see also Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013); *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a § 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, Plaintiff alleges that both his criminal and related state parental termination proceedings were "ongoing" at the time he filed his Complaint. ECF No. 1 at 3–5; ECF No. 4 at 1. State proceedings are deemed ongoing until appellate review is completed. *Gilbertson,* 381 F.3d at 969 n.4 (citation omitted). Moreover, there is no question that Plaintiff's criminal proceedings and the parental termination proceedings implicate important state interests and "involve [the] state's interest in enforcing orders and judgments of its courts." *Sprint*, 134 S. Ct. 593–94; *ReadyLink*, 754 F.3d at 759. Specifically, Plaintiff requests the "dismissal of" SCN34734 and the "reduction of the bail" set by Judge Dahlquist, (ECF No. 4 at 1), and asks this Court to order visitation, issue a "cease and desist order" preventing further parental custody proceedings and "quash" orders issued by the San Diego Superior Court in Case No. AN16035, ECF No. 1 at 4, 8; *Moore v. Sims*, 442 U.S. 415, 435 (1979) (noting family relations are a traditional and important area of state concern). Finally, Plaintiff's alleged violations of his rights to be free of excessive bail, due process, equal protection, and speedy trial; *see*

11

ECF No. 1 at 3–8, ECF No. 4 at 1; are the type of claims the state courts afford an adequate opportunity to raise on direct appeal, or via a writ of mandate in the state's courts, *see, e.g., San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,* 546 F.3d 1087, 1095 (9th Cir. 2008). Therefore, *Younger* abstention is required here because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction . . . until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972); *ReadyLink*, 754 F.3d at 759.

H. <u>Leave to Amend</u>

In light of Plaintiff's pro se status, the Court **GRANTS** Plaintiff leave to amend his claims against Defendant Gore, and as to any other individual County Sheriff's Department officials whom he alleges may have acted with deliberate indifference to either his safety or his serious dental needs while he was in their custody. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *Lolli v. County of Orange*, 351 F.3d 410, 418–19 (9th Cir. 2003) (pretrial detainee's claim of medical deliberate indifference is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply).

As to Plaintiff's remaining claims against Defendants Dahlquist, John Doe County Adoptions Director, and Teresa Gomez, however, leave to amend is **DENIED** as futile. *Rosati,* 791 F.3d at 1039 (Leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citations omitted)).

**III. Conclusion and Orders**

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed *IFP* (ECF No. 2).

2. **DIRECTS** the Watch Commander of the SBDF, or his designee, to collect

12

| | |
|---|---|
| 1 | from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing |
| 2 | monthly payments from his account in an amount equal to twenty percent (20%) of the |
| 3 | preceding month's income and forwarding those payments to the Clerk of the Court each |
| 4 | time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL |
| 5 | PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER |
| 6 | ASSIGNED TO THIS ACTION. |
| 7 | 3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch |
| 8 | Commander, San Diego County Sheriff's Department South Bay Detention Facility, 500 |
| 9 | Third Avenue, Chula Vista, California, 92110. |
| 10 | 4. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim |
| 11 | upon which relief may be granted and for seeking damages against a defendant who is |
| 12 | absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). |
| 13 | 5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in |
| 14 | which to file an Amended Complaint which cures the deficiencies of pleading noted as to |
| 15 | Defendant Gore and any other County Sheriff's Department officials whom he can allege |
| 16 | personally acted with deliberate indifference to a serious risk to his safety or dental |
| 17 | needs. Plaintiff's Amended Complaint must be complete by itself without reference to |
| 18 | his original pleading. Defendants not named and any claim not re-alleged in his |
| 19 | Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1. |
| 20 | If Plaintiff fails to file an Amended Complaint within the time provided, the Court |
| 21 | will enter a final Order dismissing this civil action based both on Plaintiff's failure to |
| 22 | state a claim upon which relief can be granted and his failure to prosecute in compliance |
| 23 | with a court order requiring amendment. |

Dated: February 21, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court