## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| GLYNDON RIVERA,<br>Booking #15743971,<br><br>Plaintiff,<br><br>vs.<br><br>BILL GORE, Sheriff, et al.,<br><br>Defendants. | Case No. 3:17-cv-02225-WQH-NLS<br><br>**ORDER** |
|---|---|

GLYNDON RIVERA ("Plaintiff"), while detained at the San Diego County Sheriff's Department South Bay Detention Facility and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 31, 2017. (ECF No. 1 at 1). Plaintiff alleged that San Diego County Sheriff Bill Gore; San Diego County Superior Court Judge Dahlquist; John Doe, identified as a San Diego County "Adoptions Director"; and Teresa Gomez, the mother of his son, violated his First, Eighth, and Fourteenth Amendment rights during his time in custody and during criminal and parental termination proceedings. (ECF No. 1 at 1-6).

On February 21, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* ("*IFP*") but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 5). Plaintiff was granted forty-five days to file an Amended Complaint. *Id.* at 6-13. Plaintiff was informed that his failure to amend would result in the dismissal of his case. *Id.* at 13; *see also Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.").

| | |
|---|---|
| 1 | More than three months have passed since the Court's February 21, 2018 Order, and Plaintiff's Amended Complaint was due on or before April 9, 2018. The docket reflects that Plaintiff has not filed an Amended Complaint or requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004). |

More than three months have passed since the Court's February 21, 2018 Order, and Plaintiff's Amended Complaint was due on or before April 9, 2018. The docket reflects that Plaintiff has not filed an Amended Complaint or requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Accordingly, the Court DISMISSES this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Court CERTIFIES that an *IFP* appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and DIRECTS the Clerk to enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED**.

Dated: May 24, 2018

Hon. William Q. Hayes
United States District Court